IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT DOYLE MURPHY,

                                           Civil No. 03-1448-BR

          Petitioner,

                                           OPINION AND ORDER

     v.

JEAN HILL, Superintendent,
Snake River Correctional Institution,

          Respondent.


     **BARBARA L. CREEL**
     Assistant Federal Public Defender
     101 S.W. Main Street, Suite 1700
     Portland, OR   97204

          Attorney for Petitioner

     **HARDY MYERS**
     Attorney General
     **YOULEE YIM YOU**
     Assistant Attorney General
     Department of Justice
     1162 Court Street N.E.
     Salem, OR   97301

          Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court **DENIES** the Petition for Writ of Habeas Corpus.

<u>BACKGROUND</u>

On December 17, 1976, Petitioner pleaded guilty to murder. The trial judge sentenced Petitioner to an indeterminate life sentence under Oregon's previous "discretionary system." The discretionary system entitled Petitioner to parole, and the Oregon Board of Parole and Post-Prison Supervision (the "Board") considered his eligibility for release every two years.

In January 1977, the Board adopted new rules creating the parole matrix system. The new matrix system established prison terms and imposed a firm release date. The firm release date determined the amount of time a prisoner actually served. Once a release date was set, the Board was required to release the prisoner on that date unless he was subject to an unexpired minimum term. Prisoners convicted prior to the implementation of the matrix system were given the choice of consideration by the Board under the discretionary criteria or receiving a firm release date under the new system.

2 - OPINION AND ORDER -

In 1986, Petitioner elected to be considered under the matrix system and to receive a firm release date.  In June 1987, the Board set a firm parole release date of October 24, 1993. Although the Board twice reduced Petitioner's sentence and advanced his parole release date to June 24, 1991, the Board did not release Petitioner on June 24, 1991.  Instead the Board repeatedly deferred Petitioner's release repeatedly over the years based on its findings that Petitioner suffered from a "present severe emotional disturbance."

On May 5, 1998, the Board set December 28, 1999, as a new parole release date for Petitioner.  On May 11, 1999, Petitioner appeared before the  Board for a release hearing.  Before the hearing, H. F. Shellman, Ph.D., conducted a psychological evaluation of Petitioner.  Relying in part on this evaluation, the Board found Petitioner suffered from a present severe emotional disturbance such as to constitute a danger to the health and safety of the community.  The Board deferred Petitioner's release for 24 months.

Petitioner did not seek administrative review of the Board's order.  On May 9, 2000, however, Petitioner filed a petition for state habeas corpus relief.  The state moved to dismiss.  The habeas trial judge granted the state's motion.  Although Petitioner appealed, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.  *Murphy v.*

3 - OPINION AND ORDER -

*Lampert*, 186 Or. App. 136, 63 P.3d 55, *rev. denied*, 335 Or. 504, 72 P.3d 636 (2003).

On October 23, 2003, Petitioner filed this action, alleging two claims for relief:

**Ground One:** The Board improperly deferred petitioner's parole release.
**Supporting Facts:** When the Board set a parole release date of 12/28/99, a liberty interest protected by due process was created. No psychological evaluation was created for this hearing that found petitioner to suffer from a severe emotional disturbance or be a danger. Instead the Board felt petitioner would not abstain from alcohol and found him to be a danger based on this fact alone. The Board wrongfully set off petitioner's paroled.

**Ground Two:** The Department of Corrections has wrongly denied petitioner's services which would enable him to be released on parole.
**Supporting Facts:** Petitioner was involved in treatment prior to his transfer to SRCI. The DOC denied his return to OSP for continued treatment. Petitioner is being punished with continued incarceration for a perceived mental condition which he is being denied treatment. This constitutes cruel and unusual punishment. SRCI denies treatment, thus not affording perceived needed treatment.

4 - OPINION AND ORDER -

## **LEGAL STANDARDS**

A habeas petitioner whose claim was adjudicated on the merits in state court[1] is not entitled to relief in federal court unless he demonstrates that the state court's adjudication:   "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 123 S. Ct. 1166, 1172-75 (2003).

A state court acts "contrary to ... clearly established Federal law" if it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if it decides a case differently than the Supreme Court on a set of materially indistinguishable facts.   *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ramdass v. Angelone*, 530 U.S. 156, 165-66 (2000).   An "unreasonable application of clearly established Federal law" occurs if a state court identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies

---

[1]Petitioner argues the state habeas court's dismissal was not an adjudication on the merits and, therefore, is not entitled to deference.   After a thorough review of the record, this Court disagrees.   The record makes clear the trial court received evidence and decided Petitioner's claims on the merits.

that principle to the facts of the prisoner's case or unreasonably refuses to extend the governing legal principle. *Williams*, 529 U.S. at 412; *Ramdass*, 530 U.S. at 166.  In conducting a review under § 2254, this Court must look to the last reasoned state-court decision. *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003) (citing *Franklin v. Johnson*, 290 F.3d 1223, 1233 n.3 (9th Cir. 2002)), *cert. denied*, 541 U.S. 1037 (2004).

## DISCUSSION

### I.   Ground One - Due Process

Petitioner alleges the Board violated his due process rights by deferring his parole release date.  He argues Dr. Shellman's evaluation did not result in a diagnosis supporting the Board's finding of a present severe and emotional disturbance, in violation of Oregon law.

Although there is not any constitutional or inherent right of a prisoner to be conditionally released before the expiration of a valid sentence, a state's statutory scheme that uses mandatory language may create a presumption that parole release will be granted when or unless certain designated findings are made.  In such a case, the statutory scheme may give rise to a constitutionally protected liberty interest. *Greenholz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Board of Pardons v. Allen*, 482 U.S. 369, 376-78 (1987).  If so, a prisoner

gains a legitimate expectation in parole that cannot be denied without adequate procedural due process. *Allen*, 482 U.S. at 373-81.

Procedural due process is satisfied in parole decisions when "some evidence" supports the Board's decision. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). The "some evidence" standard is "minimally stringent." *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). "The relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the [Board]." *Hill*, 472 U.S. at 455-56. "Additionally, the evidence underlying the board's decision must have some indicia of reliability." *Jancsek v. Oregon Bd. of Parole*, 833 F.2d 1389, 1390 (9th Cir. 1987).

Under Oregon law, the Board was required to release Petitioner on parole in the absence of a valid reason to postpone the release date. Or. Rev. Stat. § 144.245(1). Under the law in effect when Petitioner opted into the matrix system, the Board had the authority to postpone Petitioner's release if it found he suffered from a "present severe emotional disturbance such as to constitute a danger to the health or safety of the community." *Brown v. Palmateer*, 379 F.3d 1089, 1094 (9th Cir. 2004) (citations omitted). The statutory standard is a "legal one, rather than a medical one." *Brown*, 379 F.3d at 1094. A psychiatric or

7 - OPINION AND ORDER -

psychological diagnosis must, however, provide the foundation for the Board's finding that the emotional disturbance in question is "present" and "severe." *See Id*. (citing *Christenson v. Thompson*, 176 Or. App. 54, 61, 31 P.3d 449 (2001)).

In his psychological evaluation, Dr. Shellman diagnosed Petitioner with (1) Mixed Personality Disorder with Passive-Aggressive and Passive-Dependent Features, and (2) Antisocial Personality Disorder, by History.  The Board considered this diagnosis and the remaining contents of the evaluation in reaching its conclusion:

> BASED ON THE DOCTOR'S REPORT AND DIAGNOSIS, COUPLED WITH ALL THE INFORMATION THAT THE BOARD IS CONSIDERING, THE BOARD CONCLUDES THAT THE INMATE SUFFERS FROM A PRESENT SEVERE EMOTIONAL DISTURBANCE THAT CONSTITUTES A DANGER TO THE HEALTH OR SAFETY OF THE COMMUNITY.

In his state habeas proceeding, Petitioner alleged the Board violated his due process rights by deferring release in the absence of a psychiatric or psychological diagnosis required by Oregon law.  The habeas trial judge denied relief, finding that the Board's order was supported by Dr. Shellman's psychological evaluation:

> [The Board's decision] is supported by the psychological evaluation of Dr. Shellman.  In the -- in his diagnosis, he finds -- finds [Petitioner] to be alcohol and cannabis dependent, although in remission. Diagnosis of mixed personality disorder with passive aggressive and passive dependent features, antisocial personality disorder by history.  He also refers in the evaluation – he refers back to some of the previous evaluations, which make those a relevant consideration.

8 - OPINION AND ORDER -

> In essence, it says he has a history prior to incarceration to substance dependence.
>
> * * *
>
> Based on the diagnosis and the – the findings of Dr. Shellman, there is a basis for the Board to conclude that [Petitioner] suffers from a present severe emotional disturbance that constitutes a danger to the health or safety of the community, and there is a sufficient basis for that finding set forth in Dr. Shellman's report.  And that is the only basis for a court review, not whether the Court agrees, but whether or not there is a basis to support the Board's finding.

After a thorough review of the record, this Court also finds ample evidence, including the requisite psychiatric or psychological diagnosis, supported the Board's decision to defer Petitioner's parole release date.  Accordingly, the state habeas court's decision denying Petitioner's due process claim was not contrary to or an unreasonable application of clearly established federal law, and Petitioner is not entitled to relief under § 2254(d)(1).

## II.   Ground Two - Cruel and Unusual Punishment

Petitioner also alleges the Department of Corrections has denied him services which would enable him to be released on parole.  When Petitioner was transferred from the Oregon State Penitentiary to the Snake River Correctional Institution, private counseling sessions with a prison psychologist were discontinued. Petitioner alleges the denial of private counseling sessions violates his right to be free from cruel and unusual punishment.

A prisoner does not have any constitutional right to rehabilitation. *Hoptowit v. Ray*, 682 F.2d 1237, 1255 (9th Cir. 1982). Moreover, the denial of psychological counseling does not rise to the level of cruel and unusual punishment. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to from the basis of an Eighth Amendment violation).

Again, Petitioner raised this claim in his state habeas petition. The trial judge denied relief, finding the discontinuation of private counseling did not constitute cruel and unusual punishment because Petitioner does not have a constitutional right to rehabilitation:

> The second issue raised is – is a claim that he should be released because he the – State has not provided adequate treatment to address ... [Petitioner's] condition. And, as indicated [by] the State – that is not a basis for habeas corpus relief. The State is not required to provide rehabilitation. The Americans With Disabilities Act does not, in my – in my view, require certain types of treatment within a system, and [petitioner] is not being kept past his sentence. The ... system he's being incarcerated on sets a maximum sentence, and then a process by which he can be released on early parole if certain conditions are met. Those – if those conditions are not present, he is not entitled to release.

The state habeas trial court's denial of relief on Petitioner's Eighth Amendment claim was not contrary to or an unreasonable application of clearly established Supreme Court law.

10 - OPINION AND ORDER -

Accordingly, the state court's decision is entitled to deference,

and Petitioner is not entitled to relief under 28 U.S.C. § 2254.

///

///

///

///

///

11 - OPINION AND ORDER -

## CONCLUSION

For these reasons, the Court **DENIES** the Petition for Writ of

Habeas Corpus.  This action is **DISMISSED**.

IT IS SO ORDERED.

DATED this __17th__ day of April, 2006.


                    ___/s/ Anna J. Brown_____
                       ANNA J. BROWN
                       United States District Judge